Zobel, J.
FINDINGS OF FACT
I make the following findings by a preponderance of the creditable evidence and the reasonable inferences to be drawn therefrom.
*561 Defendant was a tenant under a lease premises at Apartment 20 M, 364 Rindge Avenue, Cambridge. The portion of the rent that she was required to pay (“the rent”) was $110 a month payable on the first day of the month.
On September 13, 1993, Defendant not having paid the full August rent or the September rent, and having received a previous notice to quit, Plaintiff on September 13,1993 commenced a summary process proceeding in the Cambridge Division of the District Court Department. The finding there was for Plaintiff; Defendant the appealed to this Court.
I find that through no fault of hers, in August, 1993, Defendant did not receive certain welfare payments, viz., an AFDC check and a clothing allowance check, both of which she normally would have received on August 25, 1993.
I find that on September 21, 1993, Defendant applied for Emergency Assistance from the Department of Public Welfare. Emergency Assistance is defined as payment over and above normal so-called welfare payments, and is designed to tide the recipient over a financial emergency. The application requires the signature of the landlord or the landlord’s agent, i.e., here, of Plaintiff or Plaintiffs agent.
Although the evidence is in conflict, I credit Defendant’s testimony and make the finding that Defendant proffered the agreement form concerning Emergency Assistance (Ex. 12) to Defendant’s agent.
I further find that after some discussion between the parties and a brief period of time, the agent said that he, on behalf of the landlord, would sign the document of which Exhibit 12 is a copy, only if Defendant would agree to something called Vendor Payment, which in essence involves the Department of Public Welfare’s deducting from the AFDC payment the amount of the rent.
Defendant at first refused, but after learning that she would automatically go on the Vendor Payment Program if she obtained Emergency Assistance, again contacted the agent and told him that she would agree to go on Vendor Payment.
The agent, however, continued to refused to sign.
CONCLUSIONS OF LAW
I rule that under the circumstances of the case, an Emergency Assistance payment in the amount of the $215.32 arrearage would be the equivalent of cash, check, or money order.
I rule that there was no valid reason why Plaintiffs agent declined to accept the emergency assistance payment, and specifically, no valid reason why he declined to sign the document which was the necessary prerequisite for Defendant’s obtaining the Emergency Assistance payment.
I rule that Defendant constructively cured her ar-rearage, and is entitled not to be evicted.
ORDER
It is Ordered, that these eviction proceedings will be dismissed upon payment of the arrearage, whether by means of Emergency Assistance or otherwise, within sixty days, and provided that Defendant proffers to Plaintiffs agent, forthwith, that is within two days, an executed application for Emergency Assistance and the agent forthwith signs it so that it may be submitted to the Department of Public welfare.
And it is, Further Ordered, that within the same sixty days, Defendant place herself in the Vendor Payment Program.
And it is, Further Ordered, that if at any time within the fourteen months commencing today Defendant incurs any further arrearage, Plaintiff may apply to this Court for a vacation of the judgment that the Court may thereupon enter a judgment of eviction.